# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2772 | **DATE** | 8/27/2004 |
| **CASE TITLE** | Ali vs. Achim | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]    Enter Memorandum Opinion and Order. This Court has subject matter jurisdiction over Petitioner's habeas corpus petition. Respondent's motion to dismiss for lack of subject matter jurisdiction is denied. Petitioner's motion for a rule to show cause (R. 3-1) is granted in part. The government is ordered to respond to the merits of Petitioner's constitutional challenge to his detention by 9/23/04. Petitioner's reply to be filed by or on 10/4/04. Status hearing set for 10/27/04 at 9:00 A.M. to stand.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | AUG 3 0 2004 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | 11 |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| TH ✓ | courtroom deputy's initials | | date mailed notice | | mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AHMED ALI,                          )
                                    )
                 Petitioner,        )
                                    )
        v.                          )
                                    )      No. 04 C 2772
DEBORAH ACHIM, as acting Chicago    )
District Director, Bureau of Immigration )
and Customs Enforcement;            )
THOMAS RIDGE, Secretary, Department )
of Homeland Security; JOHN ASHCROFT, )
Attorney General,                   )
                                    )
                 Respondents.       )

## MEMORANDUM ORDER AND OPINION

AMY J. ST. EVE, District Court Judge:

Petitioner Ali filed a Petition for Writ of Habeas Corpus, seeking an order to show cause "why his civil immigration detention of over twenty-two months is not unlawful." (R. 1-1 Pet. for Writ at 1.) Respondents in the case are Deborah Achim, Acting Chicago District Director of the Bureau of Immigration and Customs Enforcement ("BICE"), Thomas Ridge, Secretary of the Department of Homeland Security ("DHS") and John Ashcroft, Attorney General of the United States. Ali alleges that his civil detention of twenty-two months during his removal proceedings violates the Fifth Amendment's Due Process Clause, and deprives him of liberty without due process of law.

Respondents seek dismissal of the petition, arguing that the decision to detain the Petitioner "is a strictly discretionary decision which is not subject to judicial review." This amounts to a motion to dismiss for a lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). Respondent argues that pursuant to 8 U.S.C. § 1252(a)(2)(B), 8 U.S.C. § 1226(a), and

8 U.S.C. § 1226(e), this Court does not have jurisdiction over the petitioner's habeas challenge. (*Id.* at 5-12.) For the reasons set forth below, this Court has subject matter jurisdiction over Ali's petition, and Respondents' motion to dismiss for lack of subject matter jurisdiction is denied.

## **BACKGROUND**

Petitioner Ahmed Ali, is an alien from Somalia who entered the United States in 1999 as a derivative refugee. He has not adjusted his status to that of a lawful permanent resident. On April 2001, Petitioner was convicted in Wisconsin of committing the crime of "substantial battery - intended substantial harm" on June 30, 2000. The Wisconsin court enhanced Petitioner's sentence because he used a dangerous weapon – a carpenter's knife – to inflict multiple wounds on his victim. In addition, in October 2002, Petitioner was arrested for bail jumping and in January 2001 for possession of marijuana.

After his felony conviction, Ali's status concededly was that he was "removable" from the country. The Acting Officer in Charge of the Milwaukee Immigration Office authorized taking Ali into custody after Ali completed his sentence for aggravated battery. He further determined that Ali should remain in custody, pending a final determination of his case before an Immigration judge. The DHS has detained Petitioner pursuant to 8 U.S.C. § 1226(a).

The removal proceedings commenced in June, 2002. (R. 1-1, Pet. for Writ ¶ 11.) In October 2002 the Immigration Judge "ordered [Ali's] removal to any country other than Somalia, denied his application for political asylum, and granted his application for withholding of removal to Somalia, which in turn authorizes his removal 'to any other country.'" (R. 6-1, Resp't Return at 3.) Both Petitioner and Respondents appealed this decision. (*Id.* at 3.) DHS

appealed the withholding of removal to Somalia.[1] (*Id.*) The Board of Immigration Appeals

sustained the appeal by DHS, "vacating the immigration judge's order, and remanded the case

back to the immigration judge for relief under the Convention Against Torture ("CAT"). (*Id.*)

The Immigration Judge granted deferral of removal under CAT, and Respondents appealed that

decision to the Board of Immigration Appeals. (*Id.*) Petitioner filed a cross-appeal as well

"regarding the denials of other forms of discretionary relief." (*Id.*) The Board of Immigration

Appeals denied Petitioner's cross appeal. (R. 8-1, Supp. Filing of Sub. Agency Decision.)

Ali filed this petition for writ of habeas corpus on April 16, 2004, challenging the

constitutionality of his civil immigration detention.[2] Petitioner's writ claims that the twenty-two

month detention is excessive and that it "deprives him of his fundamental right to liberty." In

addition, Ali claims that "such civil detention fails Due Process scrutiny if it lacks strong

procedural protections." (*Id.*) Petitioner also submitted a filing of Subsequent Agency Decision

which stated that his appeal of a denial of a March 17, 2004 request for a change in custody

status was denied, "based upon the Board's prior finding that the respondent is a danger to the

community." (R. 8-1, Supp. Filing at 1.)

Respondents claim that this Court lacks jurisdiction over the Petition because it

---

[1] While the first appeal was pending with the Board of Immigration Appeals, Âli asked the Immigration Judge to consider releasing him on bond while the case was pending and the Judge ordered Âli's release on payment of a bond of $5,000. (R.1-1, Pet. for Writ ¶ 14.) The Government filed an automatic stay of the Immigration Judge's decision and appealed the order. (R.1-1, Pet. for Writ ¶ 15.) The Petitioner filed a petition for a writ of habeas corpus to challenge the constitutionality of the automatic stay provision, but the Board of Immigration Appeals overruled the decision of release on bond in December 2003, and the Petition was dismissed without prejudice. (R.1-1, Pet. for Writ, ¶ 15.)

[2] The petition originally was filed with the Hon. Milton Shadur. On April 22, 2004, the case was reassigned to this Court pursuant to the provisions of Local Rule 40.3(B)(2).

"challenges the discretionary determination of the Attorney General and his delegates" to detain Ali. They claim that the Court is precluded from reviewing the Attorney General's decision by 8 U.S.C. § 1252(a)(2)(B) and 8 U.S.C. § 1226(e).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1316 (7th Cir. 1997). Respondents claim that jurisdiction does not exist over this case and seek to dismiss it under Rule 12(b)(1).

The standard for Rule 12(b)(1) and Rule 12(b)(6) motions is similar. The Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). *See Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1001 (7th Cir. 2004). In analyzing a Rule 12(b)(1) motion, the Court may look beyond the pleadings. *See Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999). The Court must "presume that federal courts lack jurisdiction 'unless the contrary appears affirmatively from the record.'" *Id.*, quoting *Renne v. Geary,* 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *United Phosphorus Ltd. v. Angus Chemical Co.*, 322 F.3d at 945-46 (7th Cir. 2003).

## ANALYSIS

### I.    Jurisdiction under INA Statutory Framework

Respondents argue that the Court lacks jurisdiction to entertain Petitioner's writ of habeas corpus because "the decision to detain him emanates from the legal authority found in Section 236(a) of the INA, and pursuant to Section 242(a)(2)(B) of INA, 8 U.S.C. Section

1252(a)(2)(B)." They claim that Petitioner's detention is based on the Attorney General's discretionary judgment regarding the application of Section 1226(a), thus the Court cannot review it.

Petitioner claims that 8 U.S.C. §§ 1252(a)(2)(B) and 1226(e) do not preclude habeas review by this Court because the Petitioner brings "only a pure constitutional and statutory challenge" and does not "challenge the Government's exercise of discretion." Ali claims that "he challenges [the Government's] authority to continue detention" under the facts of the case. (R. 7-1, Pet. Reply at 3.) Contrary to Respondents' contention, neither § 1252(a)(2)(B) nor § 1226(e) bars the Court's jurisdiction over Petitioner's Writ of Habeas Corpus.

### A.      Jurisdiction is not barred by 8 U.S.C. § 1252(a)(2)(B)

Respondents have detained Petitioner pursuant to Section 252(a)(2)(B). That section states that:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review–
>
> (i) any judgment regarding the granting of relief under section 212(h), 212(i), 240A, 240B, or 245 [8 USCS §§ 1182(h), 1182(i), 1229b, 1229c, or 1255], or
>
> (ii) any other decision or action of the Attorney General the authority for which is specified under this title [8 USCS §§ 1151 et seq.] to be in the discretion of the Attorney General, other than the granting of relief under section 208(a) [8 USCS § 1158(a)].   8 U.S.C. § 1252(a)(2)(B).

The Seventh Circuit recently stated that "the plain language of § 1252(a)(2)(B)(ii) bars courts *from reviewing any discretionary decisions of the Attorney General made under the authority of sections 1151 through 1378 of Title 8 of the United States Code*, which collectively constitute the subchapter that § 1252(a)(2)(B)(ii) references." *El-Khader v. Monica*, 366 F.3d 562, 566 (7th Cir. 2004) (citing *Samirah v. O'Connell*, 335 F.3d 545, 548-549 (7th Cir. 2003) (emphasis in

original).

Although Petitioner fails to address the Seventh Circuit's *El-Khader* opinion, Petitioner argues that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court has jurisdiction to entertain his petition because he is challenging the constitutionality of his detention and the underlying statute, not the Attorney General's discretion. In *Zadvydas*, the Supreme Court held that § 2241 habeas corpus proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Id.* at 688. The Supreme Court allowed the petitioners' habeas petition to proceed to the merits because the petitioners did "not seek review of the Attorney General's exercise of discretion; rather, they challenge[d] the extent of the Attorney General's authority under the post-removal-period detention statute." *Id.* Similarly, the Seventh Circuit also recently stated that while Section 1252(a)(2)(B) precludes judicial review of discretionary decisions made under Sections 1151 - 1378 of Title 8, "we have recognized that such 'door-closing statutes ... are often interpreted as being inapplicable to constitutional challenges.'" *Omogiate v. INS*, 61 Fed. Appx. 258, 263 (7th Cir. 2003) (quoting *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000).

Petitioner Ali is not asking the Court to review the Attorney General's discretionary decision to detain him. If Ali sought such relief, the Court would not have jurisdiction to do so. Ali, instead, challenges the constitutionality of his continued detention and the statute that has enabled Respondents to continue his detention. Such a challenge falls within this Court's jurisdiction. *See also McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) (noting in reference to Section 1252(a)(2)(B)(i) that, "though such statutes are often interpreted as being inapplicable to constitutional challenges . . . the plaintiffs acknowledge that their suit presents no constitutional issue:" *Moore v. Ashcroft*, 251 F.3d 919, 923-924 (11th Cir. 2001) (noting that

6

Section 1252(a)(2)(B) does not bar judicial review of discretionary decisions "to evaluate substantial constitutional challenges to the INA"); *Chavez v. United States INS*, 55 F. Supp. 2d 555, 557 (D. La. 1999) (habeas review "includes challenges to the constitutionality of the INS proceedings," but not, "challenges to the discretionary decisions of the Attorney General").

Respondent also claims that the Petitioner is challenging a discretionary decision made pursuant to Section 1226(a). Ali's petition, however, makes clear that he is instead challenging the constitutionality of the statute that allows his detention as well as the constitutionality of the length of his detention. Ali argues that his "excessive detention" deprives him of his fundamental right to liberty and violates procedural due process requirements. (R. 1-1, Pet. for Writ ¶ 1.) He specifically states that he "does not challenge the Government's exercise of discretion; he challenges its authority to continue detention under these facts." (R. 7-1, Pet. Reply at 3.) The Petitioner questions the constitutionality of his detention, stating that it is, "no longer reasonable, in light of the purpose for the detention." (R. 1-1, Pet. for Writ ¶ 36.) He further alleges that the detention is unconstitutional because he was not granted the proper amount of procedural due process. (R. 1-1, Pet. for Writ of Habeas Corpus ¶ 40, 46.)

## B. Jurisdiction is not barred by 8 U.S.C. § 1226(e)

Respondent further argues that 8 U.S.C. § 1226(e) bars this Court's jurisdiction to review Ali's Petition for Writ of Habeas Corpus. Section 1226(e) states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole. 8 USCS § 1226.

Both the Supreme Court and the Seventh Circuit have flatly rejected this argument. *See Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003)(holding that § 1226(e)

7

"contains no explicit provision barring habeas review"); *Gonzalez v. O'Connell*, 355 F.3d 1010, 1014-15(7th Cir. 2004)(holding that § 1226(e) does not deprive court of subject matter jurisdiction to adjudicate a constitutional challenge to the Attorney General's mandatory detention of the petitioner). *See also Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999); *Bonsol v. Perryman*, 240 F.Supp.2d 823, 825 (N.D. Ill. 2003) ("Although § 1226(e) of the INA forecloses judicial review of discretionary INS decisions on bond or detention, the constitutionality of the statute itself may still be adjudicated in court"); *Tiv v. Reno*, No. 99 C 872, 2000 WL 246252 at 4 (N.D. ILL. Feb. 24, 2000) ("Because Petitioners challenge the constitutionality of the provision [Section 1226(c)], this court has subject matter jurisdiction to hear their claims").

Respondent suggests that because they are holding Petitioner pursuant to the Attorney General's discretionary decision under § 1226(a) and not mandatorily detaining him under § 1226(c) as in *Demore*, that the Court does not have jurisdiction. The Court disagrees. Petitioner still challenges the constitutionality of his detention, not the Government's exercise of discretion. The reasoning of *Demore* and *Gonzalez* is equally applicably to constitutional challenges based on detention under § 1226(a). The Court finds that the constraints of § 1226(e) do not affect this Court's jurisdiction over Ali's constitutional challenge to his detention under § 1252(a),

### C.     Effect of Ali's alien status on Resolution of the Claims

Recently in this district, a petitioner filed for writ of habeas corpus, claiming that his detention pursuant to Section 1226(c) was unconstitutional. *Rodriguez v. O'Connell,* No. 02 C 8054, 2004 WL 406767 at **1-2 (N.D. Ill. March 1, 2004). The court, however, held that it did not have jurisdiction over the claim because the alien, "a native and citizen of Cuba who arrived in this country on a Mariel boatlift in 1980," was "paroled" into the country and thus had never

"effected an 'entry.'" *Id.* at 2. The court noted that the Supreme Court has indicated that constitutional questions "would not be raised by the continued detention of persons who have not 'entered.'" *Id.* (citing *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law").

    Although Ali is not a lawful permanent resident, he was "admitted" to the United States as a refugee ("on or about August 30, 1999") and therefore jurisdiction is not precluded by his entry status as in *Rodriguez.* (Exhibit 2 in "Original Habeas", No. 03C 7232); *Rodriguez* No. 02 C 8054, 2004 WL 406767 at 1 - 2.

**CONCLUSION**

This Court has subject matter jurisdiction over the habeas petition of Ali, and the Respondent's motion to dismiss for lack of subject matter jurisdiction is denied.

Dated: August 27, 2004

ENTERED:

AMY J. ST. EVE
United States District Court Judge