# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 2772 | DATE | 10/28/2004 |
| CASE TITLE | Ali vs. Achim | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Ahmed Ali's petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 OCT 28 PM 4:17 | date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED ALI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) No. 04 C 2772 |
| DEBORAH ACHIM, as acting Chicago | ) |
| District Director, Bureau of Immigration | ) |
| and Customs Enforcement; THOMAS RIDGE, | ) |
| Secretary, Department of Homeland Security; | ) |
| JOHN ASHCROFT, Attorney General, | ) |
| | ) |
| Respondents. | ) |

DOCKETED
OCT 2 9 2004

## MEMORANDUM ORDER AND OPINION

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Ahmed Ali's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondents in the case are Deborah Achim, Acting Chicago District Director of the Bureau of Immigration and Customs Enforcement ("BICE"), Thomas Ridge, Secretary of the Department of Homeland Security ("DHS"), and John Ashcroft, Attorney General of the United States. Petitioner contends that his civil detention of twenty-eight months during his removal proceedings violates both his substantive and procedural due process rights under the Fifth Amendment.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Ahmed Ali is an alien from Somalia who entered the United States in 1999 as a derivative refugee. Petitioner, however, has never become a lawful permanent resident. In April 2001, Petitioner was convicted in Wisconsin of committing the crime of "Substantial Battery - Intended Substantial Harm" in violation of Wisconsin Statute 940.19(3). The Wisconsin trial

court enhanced Petitioner's sentence because he used a dangerous weapon inflicting multiple wounds on the victim. The trial court then sentenced Petitioner to eleven months' incarceration.

After his felony conviction, the Acting Officer in Charge of the Milwaukee Immigration Office concluded that Petitioner was removable from the United States because he was convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed and that he committed the crime within five years after his admission to the country. *See* 8 U.S.C. § 1227(a)(2)(A)(i). Accordingly, the Acting Officer authorized taking Petitioner into civil custody after he completed his Wisconsin sentence and determined that Petitioner should remain in civil custody pending a final determination before an Immigration Judge ("IJ"). The DHS has detained Petitioner pending his removal proceedings pursuant to 8 U.S.C. § 1226(a).

Petitioner's removal proceedings commenced in June 2002. In October 2002, the IJ ordered Petitioner's removal to any other country than Somalia and denied his application for political asylum. Both Petitioner and Respondents appealed this decision. While the first appeal was pending with the Board of Immigration Appeals ("BIA"), Petitioner asked the IJ to consider releasing him on bond while the case remained pending. The IJ ordered Petitioner's release on payment of a $5,000 bond. The Government then filed an automatic stay of the IJ's decision and appealed the order. Petitioner filed a petition for a writ of habeas corpus challenging the constitutionality of the automatic stay provision, but the BIA overruled the decision of release on bond in December 2003,[1] and the Court dismissed the habeas petition without prejudice.

---

[1] Petitioner contends that the BIA's December 2003 bond decision is legally erroneous, and thus his continued detention is unlawful. The Court, however, does not have jurisdiction to review Petitioner's argument on collateral review because it is not a constitutional challenge to the statutory framework of Petitioner's detention. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1014-15 (7th Cir. 2004).

2

Meanwhile, on the parties' first appeal, the BIA sustained the appeal by DHS, vacated the IJ's order, and remanded the case for relief under the Convention Against Torture ("CAT"). On remand, the IJ granted deferral of removal under CAT. Consequently, Respondents have appealed the IJ's grant of CAT relief and Petitioner has appealed the denial of other forms of discretionary relief. The parties' filed their appellate briefs on August 4, 2004. The BIA has yet to issue its opinion on this matter. Even though the parties await the BIA's determination, Petitioner's challenge to the constitutionality of his detention is excepted from any exhaustion requirements. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004).

Petitioner filed the present Petition for a Writ of Habeas Corpus on April 16, 2004, arguing that his continued detention violates both his substantive and procedural due process rights under the Fifth Amendment. Prior to filing his habeas petition, Petitioner moved for another bond hearing, which the IJ denied on March 17, 2004. On June 9, 2004, the BIA denied his bond determination appeal, specifically denying his request for a change in custody status based on the BIA's prior finding that Petitioner is a danger to the community.

Earlier in the proceedings, Respondents sought dismissal of the present habeas petition arguing that the Attorney General's decision to detain Petitioner was a strictly discretionary decision, and thus not subject to judicial review. The Court denied Respondents' motion concluding that the Court had subject matter jurisdiction over the habeas petition because Petitioner challenges the constitutionality of his detention, not the Government's exercise of its discretion. *See Ali v. Achim*, 2004 WL 1977436 (N.D. Ill. Aug. 30, 2004).

3

## II. ANALYSIS

### A. Substantive Due Process

#### 1. Relevant Supreme Court Cases

Petitioner first argues that he has a fundamental right to be free from unlawful governmental detention. The Fifth Amendment entitles aliens to due process of law in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). In *Flores*, the Supreme Court articulated that a substantive due process claim based on the Fifth Amendment includes a substantive component that forbids the government from infringing on certain fundamental liberty interests unless the infringement is narrowly tailored to serve a compelling government objective. *Id.* at 302. The *Flores* Court also explained that a court's substantive due process analysis must begin with "a careful description of the asserted right." *Id.*

Here, Petitioner asserts that he has a substantive liberty interest that is implicated by his continued civil detention during his deportation proceedings. Petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), to support this claim. In *Zadvydas*, the Supreme Court reviewed the Section 2241 habeas petitions of two resident aliens who challenged the constitutionality of their post-removal detentions. *Id.* at 684-86. No country was willing to accept either alien after removal was ordered, yet the Government continued to detain the resident aliens after the expiration of the 90-day removal period under 8 U.S.C. § 1231(a)(1). *See id.* The *Zadvydas* Court concluded that a statute permitting the indefinite detention of an alien raises serious constitutional problems under the Fifth Amendment's Due Process Clause. *Id.* at 690. The Supreme Court also concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by

4

statute." *Id.* at 699.

Two years after the *Zadvydas* decision, the Supreme Court, relying on the important governmental objectives of preventing flight during removal proceedings and of ensuring removal if ordered, held that mandatory detention without a bail hearing during removal proceedings under 8 U.S.C. § 1226(c) is a constitutionally permissible part of the removal process. *Demore v. Kim*, 538 U.S. 510, 531, 123 S.Ct. 1708, 1721-22, 155 L.Ed.2d 724 (2003); *see also Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) (Section 1226(c) constitutional as applied to alien who conceded he was removable based on criminal conviction). The *Kim* Court concluded that its opinion in *Zadvydas* was materially different because the habeas petitioners in *Zadvydas* challenged their detentions after the Agency issued a final order of deportation and removal was no longer practically attainable. *See id.* at 527. The Court further distinguished *Zadvydas* because of the indefinite and potentially permanent nature of the detentions at issue. *Id.*[2]

Despite the Supreme Court's ruling that civil detentions during removal proceedings under Section 1226(c) do not violate criminal aliens' due process rights under the Fifth Amendment, *see id.* at 529, Petitioner argues that because he is being held under Section 1226(a) instead of Section 1226(c), the Supreme Court's decision in *Kim* does not apply to the circumstances of his case.

---

[2] The Court notes that unlike the criminal aliens in *Zadvydas* and *Kim*, Petitioner never became a lawful permanent resident of the United States. Under the circumstances, lawful permanent residents have a more significant liberty interest in remaining in the United States than non-legal resident aliens. *See Rady v. Ashcroft*, 193 F.Supp.2d 454, 458 (D.Conn. 2002).

## 2. Detention During Removal Proceedings

Before the Court addresses Petitioner's claim, a brief overview of the procedures at issue is helpful. During removal proceedings, 8 U.S.C. § 1226 governs the custodial status of aliens who have committed crimes. *See Zadvydas*, 533 U.S. at 683; *Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 448 (D.N.J. 2004). Unlike the mandatory detention provision under Section 1226(c), which requires that the Agency detain a removable alien convicted of certain aggravated crimes during removal proceedings, Petitioner's detention is pursuant to Section 1226(a). Under Section 1226(a), the Attorney General may arrest and detain the alien pending the removal decision, but the alien may seek a bond determination hearing regarding the Attorney General's custodial determination. In the present case, the Acting Officer in Charge of the Milwaukee Immigration Office concluded that Petitioner was removable under Section 1227(a)(2)(A)(i). Petitioner sought release on bond and the IJ ordered Petitioners's release on payment of a $5,000 bond. The Government then filed an automatic stay of the bond. *See* 8 C.F.R.§ 3.19(i)(2).

Under 8 C.F.R. § 3.19(i)(2), the DHS is authorized to invoke an automatic stay of an IJ's ruling authorizing a petitioner's release on bond. The regulation was enacted to ensure removal by preventing aliens from fleeing and to protect the public from potential harm. *See Pisciotta*, 311 F.Supp.2d at 449; *see also* Executive Office for Immigration Review; Review of Custody Determination, 66 Fed.Reg. 54909 (Oct. 31, 2001). After the automatic stay is invoked and the parties have appealed the IJ's determination, the BIA has a finite period of 90 to 180 days to render its decision. *See* 8 C.F.R. § 1003.1(e)(8)(i).

## 3. Petitioner's Claim

Despite Petitioner's assertions that the *Kim* decision only pertains to Section 1226(c) and

6

not the constitutionality of Section 1226(a) and 8 C.F.R. § 1003.1(e)(8)(i), the Court finds the Supreme Court's decision in *Kim* instructive. Like the criminal aliens in *Kim*, Petitioner remains detained pursuant to a stay that is definite in time, namely, until the BIA rules on the parties' appeals which were briefed on August 4, 2004. The BIA is reviewing these appeals in expedited manner. The Court is not persuaded by Petitioner's argument that because he cannot be removed to Somalia, his detention is potentially permanent because an alien can be removed to a third country other than the country to which removal has been withheld or deferred. *See* 8 C.F.R. § 208.16(f). Moreover, Petitioner has not established that no country is willing to accept him like the petitioners in *Zadvydas*. *See id.* at 684-86.

Furthermore, Petitioner has had the opportunity to challenge his custodial status in bail hearings on several occasions under Section 1226(a). Most recently, the BIA denied Petitioner's bond determination appeal in June 2004, specifically denying his request for a change in custody status based on the BIA's prior finding that he is a danger to the community. The denial of Petitioner's release on bond is closely tailored to achieve the government's legitimate concerns of preventing flight during removal proceedings and of ensuring removal if ordered. *See Kim*, 538 U.S. at 531; *see also Flores*, 507 U.S. at 302. In sum, Petitioner does not have a protected liberty interest to remain in this country that outweighs the Government's objective in detaining him to ensure removal. Therefore, Petitioner's detention is constitutional.[3]

---

[3] Petitioner's argument that Respondents are to blame for the length of time of his continued detention ignores the fact that Petitioner has appealed the IJ's determinations as well. In any event, Petitioner's complaint that the Agency has not acted as quickly as Petitioner would like does not rise to the level of a constitutional violation. *See Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 455 (D.N.J. 2004).

7

## B. Procedural Due Process

Next, the Petitioner contends that he was denied his constitutional right to procedural due process under the Fifth Amendment. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In determining the constitutional sufficiency of the administrative procedures, the Court must analyze the governmental and private interests involved. *See id.* at 334. Accordingly, to determine whether the Respondents have denied Petitioner procedural due process, the Court evaluates: (1) the nature of the private interest affected by the government action; (2) the risk of an erroneous decision through the use of the procedures currently employed and the probable value of additional procedural safeguards; and (3) the burden on the government that additional protections would entail. *Id.* at 334-35; *see also Parra v. Perryman,* 172 F.3d 954, 958 (7th Cir. 1999).

The private interest at issue here is Petitioner's personal liberty – the right to be free from detention pending the final determination of his removal proceedings. As noted, Petitioner has had the opportunity to challenge his custodial status in bail hearings on several occasions during his removal proceedings. As such, the circumstances in this case differ from that in *Kim* and *Parra,* because the Agency held the criminal aliens without bail determinations. In other words, Petitioner has received more due process protections than the aliens in *Kim* and *Parra.* In *Parra,* the Seventh Circuit concluded that pre-removal detention is analogous to pretrial detention in criminal proceedings. *See Parra,* 172 F.3d at 958 (*citing United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). The *Salerno* Court concluded that due process allowed for some pretrial detention because the Bail Act confined pre-trial detention to a sphere of real

8

need, including when the government establishes that an arrestee is a threat to the community. *See id.* at 750-51(individual's liberty interest may be subordinated to greater needs of society). Because more than one individual bond determination has been made in this matter, and the BIA has concluded that Petitioner is a danger to the community, this situation is similar to *Salerno* because the greater needs of society outweigh Petitioner's liberty interest to be free on bond during his removal proceedings.

Petitioner argues that despite his opportunity for multiple bond determinations under 8 C.F.R. § 1003.19(e), he has been denied procedural due process because the regulations do not call for a periodic review of Petitioner's detention. Petitioner also argues that because he bears the burden of proof at his bond determinations, *i.e.*, his circumstances must have materially changed since prior bond determinations, the regulations further deny him constitutional process. Petitioner's arguments fail, however, because he cannot and does not reconcile the Supreme Court's decision in *Kim*, where the Supreme Court upheld lesser procedural protections as constitutional. *See id.* at 529.

Under the other *Mathews* factors, the risk of an erroneous decision under the circumstances is slim given the fact that Petitioner concedes removal, there is no dispute regarding Petitioner's Wisconsin conviction, and Petitioner has been found to be a danger to the community. *See Parra*, 172 F.3d at 958; *Rady v. Ashcroft*, 193 F.Supp.2d 454, 459 (D. Conn. 2002). Finally, whether the Agency would be burdened by additional protections weighs against Petitioner's claim because the procedures set forth in Section 1226(a) and 8 C.F.R. § 1003.1(e)(8)(i) already provide for the safeguard of individual bail determinations. *See Rady*, 193 F. Supp.2d at 459. In sum, the procedures in place do not violate Petitioner's procedural due process under the *Mathews* due process calculus. *See Parra*, 172 F.3d at 958.

9

## CONCLUSION

For the stated reasons, the Court denies Ali's Petition for a Writ Habeas of Corpus pursuant to 28 U.S.C. § 2241.

Dated: October 28, 2004

ENTERED:

AMY J. ST. EVE
United States District Court Judge